IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:19-MJ-49 |
| ) | |
| MICHAEL BUTLER, ) | |
| ) | |
| *Defendant.* ) | |

PROTECTIVE ORDER CONCERNING
CHILD VICTIM AND WITNESS PRIVACY

In accordance with 18 U.S.C. §§ 3509(d)(3) and 3771(a)(8) and Federal Rule of Criminal Procedure 49, and upon the request of the Parties, the Court hereby enters the following protective order:

1. The United States has obtained a Criminal Complaint charging the defendant, Michael Butler, with receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). The defendant disputes the United States' allegations.

2. The United States has agreed to produce discovery material to defendant and his counsel in advance of indictment. In order to do so, while at the same time avoiding the unauthorized dissemination of images of child pornography or information that identifies or could be used to identify a child victim or witness (hereinafter, "Sensitive Information"), the Parties have asked the Court to enter this Protective Order. This Protective Order is designed to protect Sensitive Information from inadvertent or unauthorized disclosure, which the United States believes could violate 18 U.S.C. §§ 3509(d)(3) and 3771(a)(8).

3. This Protective Order applies to all Discovery. For the purposes of this Protective Order, the term "Discovery" refers to any written documentation, electronic data, video or audio

recordings, or any other materials provided by the United States to the Defense Team (as defined below) in connection with this case, including any copies that might be made of such materials.

4. For the purposes of this Protective Order, the term "Defense Team" refers to (1) the defendant, (2) the defendant's counsel and any attorneys or employees of the defendant's counsel assigned to work on this matter, and (3) any other defense paralegals, assistants, investigators, employees, experts, translators, or third-party contractors hired by the defendant's counsel to assist with this case. "Defense Team" includes any subsequent counsel of record, should current counsel of record be relieved from this matter or should other or additional counsel be added to the Court's docket. "Defense Team" does not include any member of the defendant's family.

5. For the purposes of this Protective Order, the term "Sensitive Information" includes any minor victim or witness's (1) name, (2) school, (3) social media names, handles, or user IDs, (4) home address, (5) birth date, (6) photographs or visual depictions, and (7) any other information required to be redacted by Federal Rule of Criminal Procedure 49.1(a). Sensitive Information also includes property or material that constitute child pornography, which will remain in the care, custody, and control of the United States and will not be produced to the Defense Team, but will be made reasonably available to the Defense Team.

6. The defendant and his counsel are required to give a copy of this Protective Order to all individuals engaged or consulted by defense counsel to assist in this case. Such individuals must agree in writing to be bound by the terms of this Protective Order before receiving any Discovery in this case. The Defense Team will keep a list of all individuals who have agreed in writing to be bound by the terms of this Protective Order, and this list may be disclosed upon order of the Court in the event that the Court is asked to determine whether a possible breach of the terms of the protective order has occurred.

7. The Defense Team shall maintain all Sensitive Information (or, in the case of property or material constituting child pornography made available for review, access such Sensitive Information) in a manner consistent with the terms of this Protective Order. Discovery containing Sensitive Information produced to the Defense Team, regardless of form, shall be stored by the Defense Team in a secure manner in defense counsel's offices or in the offices of any co-counsel or subsequent counsel of record.

8. Any Sensitive Information that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court, under 18 U.S.C. § 3509(d). Any publicly filed or disseminated documents that refer to any minor victim or witness shall do so by a generic name, such as "Minor Victim 1."

9. The Defense Team is prohibited from directly or indirectly providing access to, or otherwise disclosing the substance of, Sensitive Information to anyone not working on the defense of this case. Notwithstanding any other provision of this Protective Order, no Sensitive Information may be left with or given to the defendant outside the presence and supervision of another member of the Defense Team.

10. The Defense Team shall not transfer, disseminate, or send any Discovery outside of the United States without Defendant's counsel of record (1) providing the United States with ten days' written advance notice of the Defense Team's intention to send any Discovery outside the United States, and (2) obtaining a written order from the Court, upon submission of a motion, that specifically authorizes the Defense Team to transfer, disseminate, or send Discovery outside the United States.

11. The Defense Team shall use Discovery and Sensitive Information only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes

all pretrial, trial, and post-trial proceedings in this Court, any appeals, and any motion filed by the Defendant under 28 U.S.C. § 2255 (including any appeals of the disposition of such a motion). Upon the final disposition of this case, any materials designated subject to the protective order shall not be used, in any way, in any other matter, absent a court order. All Discovery shall remain subject to this Protective Order unless and until this Order is modified by the Court. Upon the conclusion of any appellate or post-conviction proceedings, and upon the consent of defendant, the Defense team shall either (1) return all Discovery containing Sensitive Information to the United States Attorney's Office for the Eastern District of Virginia, or (2) destroy all Discovery containing Sensitive Information and certify to the United States Attorney's Office that it has been destroyed.

12.  Counsel for the defendant represents that he has discussed this Protective Order with his client, who agrees to be bound by all its terms.

//
//
//
//
//
//
//
//
//
//
//
//

4

13. By agreeing to the entry of this Protective Order, the defendant and the Defense Team do not concede—and expressly reserve the right to contest—that any of the United States' allegations against the defendant are true or that any of the defendant's actions would have resulted in any person becoming a victim.

Date: 4/2/19
Alexandria, Virginia

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney

By: 
William G. Clayman
Special Assistant United States Attorney (LT)

SEEN AND AGREED:

Frank Salvato
Christopher Amolsch
Counsel for the Defendant

5